UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

| | | |
|---|---|---|
| EK SUCCESS, LTD., | : | |
| | : | |
| Plaintiff / Counter –Defendant, | : | Civil Action No. 07 Civ. 11208 (PKC) |
| | : | |
| v. | : | **ANSWER, AFFIRMATIVE DEFENSES,** |
| | : | **COUNTERCLAIMS, AND THIRD-** |
| PROVO CRAFT & NOVELTY, INC., | : | **PARTY COMPLAINT** |
| | : | |
| Defendant / Counter-Plaintiff, | : | |
| | : | |
| PROVO CRAFT & NOVELTY, INC., | : | |
| | : | |
| Third Party-Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ARMADA ART, INC. | : | |
| | : | |
| Third-Party-Defendant. | : | |

-----------------------------------------------------X

Robert M. Haroun
Joseph Sofer
Sofer & Haroun, LLP
Attorneys for Plaintiff
317 Madison Ave., Suite 910
New York, NY 10017
(212) 697-2800

Brian D. Wassom (pro hac admission pending)
Jason R. Abel (SDNY Bar Code JA0456)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Provo Craft & Novelty, Inc.
2290 First National Building
Detroit, MI 48226-3506
P: (313) 465-7594
F (313) 465-7595
bdw@honigman.com
jabel@honigman.com

---

## <u>ANSWER</u>

For its Answer to the complaint filed by Plaintiff EK Success, Ltd. ("EK"), Defendant

Provo Craft & Novelty, Inc. ("Provo"), by its attorneys Honigman Miller Schwartz and Cohn

LLP, says:

## PARTIES

1.      Provo has insufficient information to admit or deny this allegation, and therefore denies.

2-4.    Admitted.

## JURISDICTION AND VENUE

5.      The complaint speaks for itself.

6.      Denied, except to admit that the complaint references marks that have been registered with the U.S. Patent and Trademark Office ("PTO").

7.      The complaint speaks for itself.  Provo denies all causes of action alleged in the complaint.

8.      Admitted.

9.      Admitted.

10.     Denied, except to admit that Provo has sold goods to persons in New York.

11.     Admitted.

## FACTUAL BACKGROUND

12.     Provo has insufficient information to admit or deny this allegation, and therefore denies.

13-18.  Provo has insufficient information to admit or deny this allegation, and therefore denies.

19-21.  Admitted.

22.     The referenced registration speaks for itself.  To the extent a response is required, Provo denies, upon information and belief.

23.     Denied.

24.     Admitted.

25.     Denied.

26.     Admitted.

27.     Denied, except to admit that Provo has used the mark PAPER SHAPERS (the "Mark") in connection with the sale of hole punch devices.

28.     Denied, except to admit that Plaintiff's counsel sent the referenced letter on or about the referenced date.

29-30.  Denied, except to admit the Defendant's then-counsel sent the referenced letter to Plaintiff's counsel on or about the referenced date.

31-33.  Provo objects to this allegation on the grounds that it reveals the contents of an offer to compromise, which Fed. R. Evid. 408 prohibits from being offered into evidence.

34.     Denied.

35-36.  Admitted.

37.     Denied.

38.     Denied, except to admit that Provo has not provided the referenced information.

**FIRST CLAIM FOR RELIEF**
**BREACH OF CONTRACT**

39.     Provo incorporates by reference herein each of the preceding paragraphs.

40-44.  Denied.

**SECOND CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT (15 U.S.C. 1114)**

45.     Provo incorporates by reference herein each of the preceding paragraphs.

46-54.  Denied.

WHEREFORE, Defendant Provo respectfully request that this Court dismiss the complaint with prejudice in its entirety, deny Plaintiff any relief, award attorneys' fees and costs for Provo's defense of this lawsuit, and grant such other relief to Provo as the Court may deem just and warranted.

## AFFIRMATIVE DEFENSES

1.     EK has failed to state a claim upon which relief may be granted.

2.     EK lacks standing to assert an infringement of U.S. Trademark Registration No. 3,185,167 (the "Armada Registration"), because EK is not the registrant thereof.

3.     EK does not have contractual authority to assert the Armada Registration.

4.     The Armada Registration is invalid.

5.     EK has failed to join an indispensable party, Armada Art, Inc. ("Armada").

6.     Provo's continuous use of the PAPER SHAPERS mark on scissors predates EK's use of the same mark on hole punch devices.  Provo therefore has priority in the mark over EK.

7.     EK's claims are barred by laches, acquiescence, and/or estoppel, as EK has been actually or constructively aware of Provo's use of the PAPER SHAPERS mark on hole punch devices from as early as 2002, and of Provo's use of the mark on scissors from as early as 1998.

8.     EK's claims are barred by a contract, release, waiver, consent, and/or ratification.

9.     EK's request for injunctive relief is barred by unclean hands.

10.     EK committed the first material breach of contract.

11.     EK has failed to mitigate its damages.

12.     To the extent that Provo infringed any trademarks and/or service marks owned by EK, such infringement was innocent, and EK is entitled to no more than the minimum damages permitted under the Lanham Act.

13.     Any use of EK's purported marks (which use is expressly denied) constituted mere *de minimus* use of such marks.

14.     To the extent that Provo utilized any protectable marks owned by Plaintiff, such use was non-actionable nominative use and/or fair use.

15.     EK has engaged in trademark/service mark misuse by exaggerating the scope of its rights and asserting the same to stifle legitimate competition by Provo and others.

16.     EK fraudulently induced Provo to withdraw its action to cancel EK's U.S. Trademark Registration 2,397,553 (the "EK Registration"), by making promises to Provo in exchange for the withdrawal that EK did not keep nor intend to keep.

17.     Provo's withdrawal of its prior petition to cancel EK's registration is ineffective to bar Provo's allegations in this action, since EK breached the agreements it made in exchange for the withdrawal.

18.     EK's trademark registration is invalid.  The declaration on which it is based is fraudulent, because the declarant knew at the time that Provo and/or Armada was using the Mark on similar goods, and had superior rights thereto.

19.     EK's trademark registration is invalid, because EK is not the true owner of the mark registered therein.

20.     EK does not have contractual authority to assert the EK Registration.

21.     EK's asserted trademark rights are invalid, because they are inferior to the rights held by Provo and/or Armada.

22.     The purported license agreement between Armada and EK is invalid, on several grounds, including but not limited to: Armada did not have the rights it purported to license;

Armada has not exercised sufficient oversight or control over EK's use of the Mark; and the uses of the Mark by Armada and EK do not signify a unitary source of the goods sold under the Mark.

23.     Provo reserves the right to assert additional Affirmative Defenses as they become known or are revealed during discovery.

Respectfully submitted,

Dated: January 28, 2008

/s/ Jason R. Abel

Brian D. Wassom (pro hac admission
  pending)
Jason R. Abel (SDNY Bar Code JA0456)
HONIGMAN MILLER SCHWARTZ AND COHN
LLP
Attorneys for Provo Craft & Novelty, Inc.
2290 First National Building
Detroit, MI 48226-3506
P: (313) 465-7594
F (313) 465-7595
bdw@honigman.com
jabel@honigman.com

## COUNTERCLAIMS

For its counterclaim against EK, Provo says:

## Introduction

1.      Provo is a Utah corporation.

2.      Upon information and belief, EK is a New York corporation with its primary place of business in New Jersey.

3.      Jurisdiction is proper in this District under 28 U.S.C. § 1367 and the principles of pendent and supplemental jurisdiction, because the claims raised herein are so related to claims raised in EK's complaint that they form part of the same case or controversy under Article III of the United States Constitution.  Jurisdiction is also proper under 15 U.S.C. §1121, 28 U.S.C. §§ 1331, 1332, and 1338.

4.      Venue is proper in this District under 28 U.S.C. §1391.

## Factual Allegations

5.      For over forty years, Provo has been a leading manufacturer and distributor of craft and hobby products.  Among the many cutting, knitting, and scrapbooking products that it sells are scissors and hole punches.

6.      Since at least as early as August 1998, and continuously thereafter, Provo has used the mark PAPER SHAPERS (the "Mark") as a trademark in connection with the advertisement and sale of novelty scissors, in interstate commerce and in markets nationwide. This usage, which includes extensive advertising and marketing efforts by Provo, has established goodwill and recognition in the mark that customers associate with Provo.

7.      Therefore, Provo has common law trademark rights in the Mark with respect to scissors and similar goods.

7

8.    EK uses the Mark in connection with the advertisement and sale of hole punches. Upon information and belief, EK did not begin this use until at least 2000.

9.    EK's use of the Mark is likely to cause confusion in the marketplace, because Provo's novelty scissors bearing the Mark, and EK's hole punches bearing the Mark, are both sold in the craft market to the same class of consumer.

10.    On July 31, 2000, Provo filed an application with the U.S. Patent and Trademark Office ("PTO") to register the Mark.

11.    The PTO provisionally rejected Provo's application, citing a registration for the same Mark issued to EK on October 24, 2000.

12.    On July 23, 2001, Provo filed a petition to cancel EK's registration with the Trademark Trial and Appeal Board ("TTAB").

13.    Thereafter, through several avenues, including their principals and their counsel, Provo and EK exchanged a series of communications, proposals, and offers intended to reach an agreement that would resolve Provo's cancellation petition.

14.    EK's assertion in this case that the February 4, 2003 letter contains the sum total of the parties' agreement is false.  In fact, the parties continued to negotiate for several days after that letter was sent, and EK continued after that date to threaten a lawsuit if an acceptable agreement was not reached.

15.    The material communications that form the parties' agreement were dated February 12 and 13, 2003.  Specifically:

    a.    On February 12, 2003, EK's counsel Robert Haroun—who is the same attorney representing EK in this action—wrote the following to Provo's counsel, summarizing the agreement that had been reached *that day* over the phone by the parties' principals:

> I have been advised by my client that this matter has been resolved. The agreement [is] as follows:
>
> 1) Provo Craft will execute and deliver the Stipulation of Dismissal by Friday, February 14;
>
> 2) EK Success will confirm in writing that it is a licensee of Armada and therefore has no influence over Armada; and
>
> 3) EK Success will confirm in the same letter that it does not intend to use the mark PaperShaper on scissors.
>
> . . . . Please be advised that <u>no other terms were discussed by the parties</u>. [emphasis added].

**Ex A.** Another letter sent by Mr. Haroun that day insisted that these three points came directly from the notes taken by EK's principal, that a contrary description offered by Provo's then-counsel was wrong, and that "[t]he agreement is set forth within my letter of today." **Ex B.**

       b.      Later the same day, Attorney Haroun followed up with Provo's counsel by writing

> to confirm our telephone conversation today that E.K. Success does not intend to use the mark Paper Shaper on Scissors [sic] and <u>will not pursue any action against Provo Craft for it's [sic] use of the mark Paper Shaper on Scissors</u> [sic]. As well, this is to confirm that Provo Craft will not pursue any action against E.K. Success based on E.K. Success's use of the mark Paper Shaper on Punches.

**Ex C** (emphasis added).

       c.      The next day, February 13, Provo's counsel wrote to

> [t]hank [Mr. Haroun] for [his] two letters of February 12, 2003. <u>In accordance with the terms stated therein</u>, enclosed is a copy of the Withdrawal of Petition for Cancellation.

**Ex D** (emphasis added). The signed withdrawal was enclosed, and was duly filed thereafter, ending Provo's cancellation action.

       d.      The same February 13 letter went on to say that

> In your first letter of February 12, 2003, to us, you indicated that you will forward to our attention a letter from E.K. Success stating the terms upon which the parties have agreed to settle the matter.  We will be expecting receipt of that letter.

**Ex D**.  No such letter was ever received.

16.     Therefore, the only documented terms of agreement between the parties are those three points stated in Mr. Haroun's February 12, 2003 letters.  Essentially, the parties reached a negotiated consent agreement, whereby Provo continued to use the Mark on scissors, EK promised not to use the Mark on scissors, and Provo consented to note challenge EK' use of the Mark on hole punches.  Noticeably lacking from these terms—which Mr. Haroun described as the *only* ones agreed to by the parties—was any affirmative promise by Provo *not* to use the Mark on hole punches.

17.     As early as 2002, and continuously thereafter, Provo used the Mark with respect to the advertisement and sale of hole punches.

18.     Upon information and belief, EK was aware of Provo's use of the Mark in connection with hole punches long before it claims to have "discovered" it in the summer of 2007.

19.     In a letter dated June 4, 2007, Mr. Haroun claimed that Provo's use of the Mark in with respect to hole punches violated "the 2003 letter agreement between [the parties.]"  This was false, and Mr. Haroun produced no written "letter agreement" stating otherwise.

20.     Nevertheless, the parties entered into a series of negotiations intending to resolve this matter short of litigation.  As EK admits in its complaint, however, it abruptly retracted its signed settlement proposal in November 2007, for reasons that remain unexplained.

21.     Paragraph 47 of EK's complaint in this matter alleges that "[Provo]'s use of the PAPER SHAPERS mark constitutes infringement of EK's Registration . . . ."  Paragraph 48

alleges that the same use infringes Armada's mark. Provo's use of the Mark includes its use on scissors. Therefore, these allegations breach EK's contractual promise on February 22, 2003 to "not pursue any action against Provo Craft for [its] use of the [Mark] on [s]cissors."

22. Moreover, at no time after the February 12-13, 2003 letter agreement has EK provided Provo with written confirmation of the nature of EK's relationship with Armada.

### Count I
### Breach of Contract

23. Provo incorporates herein by reference each of the preceding paragraphs.

24. On or about February 23, 2003, the parties entered into a contract whereby, in consideration of their mutual promises, (a) Provo agreed to dismiss its petition to cancel EK's registration, (b) EK confirmed that it had no influence over Armada, (c) EK promised not to use the Mark on scissors, (d) EK promised to take no action against Provo for Provo's use of the Mark on scissors, and (e) Provo promised to take no action against EK for its use of the Mark on hole punches.

25. At all relevant times, Provo complied with its agreements under this contract.

26. EK committed the first material breach of this contract by (a) failing to confirm in writing the nature of its relationship with Armada and/or (b) suing Provo for Provo's use of the Mark on scissors.

27. Provo has been damaged by EK's breach, including but not limited to the costs, attorneys' fees, and injury to goodwill incurred in defending this lawsuit.

### Count II
### Unfair Competition and Infringement of Common Law Trademark
### Under Lanham Act Section 43(a), 15 U.S.C. § 1125(a) and Common Law

28. Provo incorporates herein by reference each of the preceding paragraphs.

29.     By virtue of its use of the PAPER SHAPERS Mark in commerce with respect to the advertising and sale of scissors, and the significant investment of related advertising and marketing efforts, Provo has gained common law trademark rights in the Mark with respect to scissors and related goods.

30.     Provo began to continuously use the Mark nationwide before EK began its use of the Mark.  Therefore, Provo has nationwide priority over EK with respect to the Mark.

31.     EK's use of the Mark on hole punches is likely to cause confusion in the marketplace with Provo's use of the Mark on scissors.

32.     Provo has been harmed, and will continue to be harmed, by EK's use of the Mark on hole punches, including by loss of goodwill and the creation of confusion among its customers and potential customers.

**Count III**
**Cancellation of U.S. Trademark Registration No. 2,397,553**

33.     Provo incorporates by reference herein each of the preceding paragraphs.

34.     EK commenced this lawsuit against Provo with full knowledge that the allegations contained in the Complaint are baseless in fact and law.  Upon information and belief, EK has employed this lawsuit for the purposes of threatening and interfering with Provo's customers and for coercing Provo into an anti-competitive business arrangement on terms grossly unfavorable to Provo.

35.     Further, EK commenced this lawsuit against Provo with full knowledge that Provo's use of the PAPER SHAPERS mark predated EK's, and that Provo's rights in the mark were superior to, and mutually exclusive with, EK's asserted rights.

36.    As a result of EK's actions, Provo has suffered and will continue to suffer damages, including, but not limited to, incurring substantial costs, expenses, and attorneys' fees in defending against this meritless complaint.

37.    As described above, EK breached the terms of the 2003 letter agreement by which EK induced Provo to withdrawal its earlier petition to cancel the registration.

38.    EK's registration is invalid because EK is not the true owner of the asserted mark.

39.    EK's registration is invalid on the basis of fraud.  The application and declaration submitted in support thereof knowingly and falsely claim that EK had superior rights in the mark, when EK and its declarant knew that to be false and were aware of Provo's and/or Armada's prior use.

40.    For these reasons, EK has committed trademark misuse.

41.    Provo is damaged by EK's U.S. Registration No. 2,397,553.

Wherefore, Provo respectfully requests that the Court award Provo damages in an amount to be determined at trial; cancel U.S. Registration No. 2,397,55; and award Provo its costs, attorneys' fees, and any other relief the Court deems just and warranted.

Respectfully submitted,

Dated: January 28, 2008

/s/ Jason R. Abel

Brian D. Wassom (pro hac admission pending)
Jason R. Abel (SDNY Bar Code JA0456)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Provo Craft & Novelty, Inc.
2290 First National Building
Detroit, MI 48226-3506
P: (313) 465-7594
F (313) 465-7595
bdw@honigman.com
jabel@honigman.com

## THIRD-PARTY COMPLAINT

For its third-party complaint against Armada, Provo says:

### Introduction

1.      Provo is a Utah corporation.

2.      Upon information and belief, Armada is a New Jersey corporation with its principal place of business in Massachusetts.

3.      Subject matter jurisdiction is proper in this District under 15 U.S.C. §1121, 28 U.S.C. §§ 1331, 1332, and 1338, because the claims asserted herein arise under federal trademark law.

4.      Upon information and belief, Armada does business in this District, including the sale of goods bearing the PAPER SHAPERS Mark.  Armada is therefore generally subject to personal jurisdiction here, and specifically subject to personal jurisdiction here with respect to its use of the Mark.

5.      Upon information and belief, Armada entered into a contract with EK in this District concerning the trademark at issue in this case, and for the express purpose of defeating Provo's trademark rights.  This action arises in part out of that contract.

6.      The claims asserted herein arise out of the same series of operative facts underlying the claims in the complaint and counterclaims in this matter.

7.      Venue and jurisdiction are proper in this Court.

### Factual Allegations

8.      Provo incorporates herein by reference each of the preceding paragraphs.

9.    For over forty years, Provo has been a leading manufacturer and distributor of craft and hobby products.  Among the many cutting, knitting, and scrapbooking products that it sells are scissors and hole punches.

10.    Since at least as early as August 1998, and continuously thereafter, Provo has used the Mark PAPER SHAPERS as a trademark in connection with the advertisement and sale of novelty scissors, in interstate commerce and in markets nationwide.  This usage, which includes extensive advertising and marketing efforts by Provo, has established goodwill and recognition in the mark that customers associate with Provo.

11.    Therefore, Provo has common law trademark rights in the Mark with respect to scissors and similar goods.

12.    Armada also uses the Mark in connection with scissors.

13.    Armada claims to have first used the Mark on scissors in interstate commerce in April 1998.  Upon information and belief, Provo alleges that this date is false, and that Armada's use in commerce did not begin until after Provo began its use, in some or all of the markets in the United States.

14.    In 2002, Armada applied to register the Mark with the U.S. PTO for use on scissors.

15.    The PTO rejected Armada's application, citing Provo's prior application for, and EK's registration of, the same Mark.  Only after an appeal, Provo's abandonment of its application, and a license agreement with EK did Armada obtain Registration No. 3,185,167 for use of the Mark on scissors ("Armada's Registration").

**Count I**
**Cancellation of U.S. Trademark Registration No. 3,185,167**

16.    Provo incorporates herein by reference each of the preceding paragraphs.

15

17.     Upon information and belief, Armada's Registration is invalid, because Provo used the Mark in commerce before Armada did.

18.     Upon information and belief, Armada's Registration is invalid because the declaration and application supporting it are fraudulent. The declarant attested that Armada had superior rights in the Mark, when in fact Armada and the declarant knew of Provo's prior use of the Mark on scissors, and Provo's superior rights thereto.

19.     Armada purported to license the Mark to EK for the express purpose of defeating Provo's claimed rights in the Mark, knowing that it did not have the rights to the Mark that it claimed to license.

20.     For these reasons, Armada has committed trademark misuse.

21.     Provo has been, and continues to be, damaged by Armada's Registration, including but not limited to lost goodwill, lost opportunity to register Provo's own rights to the Mark, and customer confusion.

Wherefore, Provo respectfully requests that the Court cancel U.S. Registration No. 3,185,167 and award Provo its costs, attorneys' fees, and any other relief the Court deems just and warranted.

Respectfully submitted,

Dated: January 28, 2008

/s/ Jason R. Abel

Brian D. Wassom (pro hac admission pending)
Jason R. Abel (SDNY Bar Code JA0456)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Provo Craft & Novelty, Inc.
2290 First National Building
Detroit, MI 48226-3506
P: (313) 465-7594
F (313) 465-7595
bdw@honigman.com
jabel@honigman.com

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 28, 2008, I electronically filed a copy of the foregoing

paper with the Court using the ECF system, which will distribute notice to all counsel of record.

Respectfully submitted;

*/s/ Jason R. Abel*

Brian D. Wassom (pro hac admission
  pending)
Jason R. Abel (SDNY Bar Code JA0456)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Provo Craft & Novelty, Inc.
2290 First National Building
Detroit, MI 48226-3506
P: (313) 465-7594
F (313) 465-7595
bdw@honigman.com
jabel@honigman.com

DETROIT.2957514.1

## SOFER & HAROUN, LLP
### ATTORNEYS AT LAW
PATENTS, TRADEMARKS & COPYRIGHTS
317 MADISON AVENUE
SUITE 910
NEW YORK, N.Y. 10017

ROBERT M. HAROUN
JOSEPH SOFER

GREGORY C. ANTRIM
KENDALL E. WOSTL

FRIEDRICH KUEFFNER
ALAN ROBERTS
OF COUNSEL

TELEPHONE
(212) 697-2800
FACSIMILE
(212) 697-3004

February 12, 2003

_VIA FACSIMILE_                           **(801) 478-0076**
Frank W. Compagni, Esq.
Moriss, Bateman, O'Bryant & Compagni
136 South Main Street, Suite 700
Salt Lake City, Utah 84101

Re:    Cancellation Proceeding for:
       _Provo Craft & Novelty, Inc. vs. E.K. Success, Ltd._
       Cancellation No.: 32,315
       Our File No.: 688-269
       Your File No.: 1787.PCRA.MS

Dear Frank:

I have been advised by my client that this matter has been resolved. The agreement as follows:

1) Provo Craft will execute and deliver the Stipulation of Dismissal by Friday, February 14;

2) EK Success will confirm in writing that it is a licensee of Armada and therefore has no influence over Armada; and

3) EK Success will confirm in the same letter that it does not intend to use the mark PaperShaper on scissors.

Once we have received the Stipulation, we shall forward to your attention the above-referenced letter. Please be advised that no other terms were discussed between the parties.

Very truly yours,

Robert M. Haroun

RMH/ea
cc: EK Success, Ltd.

# SOFER & HAROUN, LLP
### ATTORNEYS AT LAW
PATENTS, TRADEMARKS & COPYRIGHTS
317 MADISON AVENUE
SUITE 910
NEW YORK, N.Y. 10017

ROBERT M. HAROUN
JOSEPH SOFER

GREGORY C. ANTRIM
KENDALL E. WOSTL

FRIEDRICH KUEFFNER
ALAN ROBERTS
  OF COUNSEL

TELEPHONE
(212) 697-2800
FACSIMILE
(212) 697-3004

February 12, 2003

*VIA FACSIMILE*                    **(801) 478-0076**
Frank W. Compagni, Esq.
Moriss, Bateman, O'Bryant & Compagni
136 South Main Street, Suite 700
Salt Lake City, Utah 84101

          Re:    Cancellation Proceeding for:
                 *Provo Craft & Novelty, Inc. vs. E.K. Success, Ltd.*
                 Cancellation No.: 32,315
                 Our File No.: 688-269
                 Your File No.: 1787.PCRA.MS

Dear Frank:

        This is to confirm the telephone message I left for you today. Your letter doesn't reflect
the agreement reached between the parties. In fact, the three points were taken directly from the
notes Mr. Skinner made during his telephone conversation with Mr. Workman. The agreement
is set forth within my letter of today. Accordingly, if we do not receive the signed Stipulation by
February 14, 2003 we intend to initiate suit in Federal District Court.

                                        Very truly yours,

                                        Robert M. Haroun

RMH/sc

cc: EK Success, Ltd.

# SOFER & HAROUN, LLP

ATTORNEYS AT LAW
PATENTS, TRADEMARKS & COPYRIGHTS
317 MADISON AVENUE
SUITE 910
NEW YORK, N.Y. 10017

ROBERT M. HAROUN
JOSEPH SOFER

GREGORY C. ANTRIM
KENDALL E. WOSTL

FRIEDRICH KUEFFNER
ALAN ROBERTS
OF COUNSEL

TELEPHONE
(212) 697-2800
FACSIMILE
(212) 697-3004

February 12, 2003

*VIA FACSIMILE*                    **(801) 478-0076**
Frank W. Compagni, Esq.
Moriss, Bateman, O'Bryant & Compagni
136 South Main Street, Suite 700
Salt Lake City, Utah 84101

Re:    Cancellation Proceeding for:
       *Provo Craft & Novelty, Inc. vs. E.K. Success, Ltd.*
       Cancellation No.: 32,315
       Our File No.: 688-269
       Your File No.: 1787.PCRA.MS

Dear Frank:

This is to confirm our telephone conversation today that E.K. Success does not intend to use the mark Paper Shaper on Scissors and will not pursue any action against Provo Craft for it's use of the mark Paper Shaper on Scissors. As well, this is to confirm that Provo Craft will not pursue any action against E.K. Success based on E.K. Success's use of the mark Paper Shaper on Punches.

I look forward to receiving the executed Stipulation.

Very truly yours,

Robert M. Haroun

RMH/sc

cc: EK Success, Ltd.

**Morriss
Bateman
O'Bryant
Compagni**

Frank W. Compagni
Registered Patent Attorney

Intellectual Property Attorneys

February 13, 2003

<u>**VIA FACSIMILE
and FEDERAL EXPRESS**</u>

Robert M. Haroun, Esq.
Sofer & Haroun, LLP
317 Madison Avenue, Suite 910
New York, NY 10017

Re:     Cancellation Proceeding for:
        ***Provo Craft & Novelty, Inc. v. E.K. Success, Ltd.***
        Cancellation No.:    32,315
        Your File No.:       688-269
        Our File No.         1787.PCRA.MS

Dear Mr. Haroun:

Thank you for your two letters of February 12, 2003. In accordance with the terms stated therein, enclosed is a copy of the Withdrawal of Petition for Cancellation. We will expect that you will file the Petition with the TTAB. In your first letter of February 12, 2003, to us, you indicated that you will forward to our attention a letter from E.K. Success stating the terms upon which the parties have agreed to settle this matter. We will be expecting receipt of that letter.

If you have any further questions regarding this matter, please contact me at your convenience. Thank you for your assistance in this matter.

Very truly yours,

Frank W. Compagni

enclosure:  Withdrawal

cc:  Robert Workman

136 South Main Street, Suite 700 ✦ Salt Lake City, Utah 84101 ✦ Phone: 801•478•0071 ✦ Fax: 801•478•0076

## UNITED STATES DEPARTMENT OF COMMERCE
## PATENT AND TRADEMARK OFFICE
## BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | | |
|---|---|---|
| PROVO CRAFT & NOVELTY, INC. | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cancellation No. 32,315 |
| E. K. SUCCESS, LTD. | ) | |
| | ) | |
| Registrant. | ) | |
| | ) | |

### WITHDRAWAL OF PETITION FOR CANCELLATION

Pursuant to Trademark Rule 2.114(c), it is hereby stipulated by and between the parties

who have appeared in this action by their undersigned counsel, and subject to the approval of

The Trademark Trial and Appeal Board, that the Petition for Cancellation, Cancellation No.

32,315, and all the claims asserted by Petitioner, Provo Craft and Novelty, Inc., in its Petition for

Cancellation of the mark PAPER SHAPERS, Registration No. 2,397,552, against the Registrant,

EK Success, Ltd., be and are hereby dismissed with prejudice, each party to bear their own costs.

Dated: February 13, 2003

**MORRISS, BATEMAN, O'BRYANT**
**& COMPAGNI**
*Attorneys for the Petitioner*

Frank W. Compagni, Esq.
136 South Main Street, Suite 700
Salt Lake City, Utah 84101
(801) 478-0071

**SOFER & HAROUN, LLP**
*Attorneys for the Registrant*

Robert M. Haroun, Esq.
317 Madison Avenue, Suite 910
New York, New York 10017
(212) 697-2800